## Village of Crossville v. James E. Stuart.

1. VERDICTS—*Where There is Evidence to Sustain.*—Where there is evidence from which the jury could properly find their verdict, it will not be disturbed, although the evidence might, in the opinion of the Appellate Court, justify a different result.

2. SURFACE WATER—*Drains for Agricultural Purposes.*—The owner of the upper field can not construct drains or ditches so as to create new channels for water in the lower fields, but he may make such drains for agricultural purposes, on his own land, as may be required by good husbandry, although, by so doing, the flow of water may be increased in a regular well-defined channel, which carries the water from the upper to the lower field.

3. SAME—*When the Flow of it May be Increased.*—While the flow of surface water from the dominant estate upon the servient estate may, in the interests of good husbandry, be increased by ditches and drains, its natural flow from the surface in one channel can not be diverted into another and different channel so as to increase the flow upon the servient estate.

4. SAME—*Servient Estate Must Bear the Burden.*—The servient estate is required to bear the burden of having cast upon its surface, to flow through natural channels across it, the water which in a state of nature would flow over or upon it through such channels only.

**Trespass on the Case,** for changing the natural flow of surface water. Trial in the Circuit Court of White County; the Hon. PRINCE A. PEARCE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

PARISH & PARISH and C. S. CONGER, attorneys for appellant.

N. HOLDERBY, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Action against appellant for flowing appellee's lot, by cutting ditches and changing the natural flow of surface water.

Plea of not guilty.

Verdict and judgment for $50.

The questions at issue are questions of fact, involving the lay of the ground in and adjacent to the village, as bearing upon the natural flow of surface water, and the action of appellant in constructing ditches. The evidence is sharply conflicting. There were eleven witnesses for the plaintiff and fifteen for the defendant. They testified referring to maps produced at the trial by each side. The court and jury seeing and hearing the witnesses and seeing the localities pointed out by them on the maps, were better able to pass upon questions of fact than we are. There is ample evidence to sustain the verdict if uncontradicted. When this is the case, an Appellate Court will not set aside a verdict on the evidence alone. " It is only where there is no evidence in the case upon which the finding of the jury can rest, or when the finding is against the clear weight of the evidence, that we are justified in setting their verdict aside." T., St. L. & K. C. R. R. Co. v. Cline, 31 Ill. App. 568.

"The rule is that where there is evidence from which the jury could properly find their verdict, it will not be disturbed, although the evidence might, in the opinion of the Appellate Court, justify a different result." T. W. & W. R. Co. v. Moore, 77 Ill. 219.

It is urged by appellant that the latter part of the third instruction given for appellee is erroneous.

The instruction is as follows:

" You are instructed that the rules of law which should govern you in the present case are as follows: That the lower tract of land must be subject to all the natural flow of water from the upper land, and that the defendants in this case would have no right to divert more water than would naturally flow onto the plaintiff's land, nor has the defendant a right to make new excavations or drains by which the flow of water is diverted from its natural channel, nor can defendant collect into one channel water naturally flowing into another channel upon the surface as surface water, and thus increase the water upon the premises of the plaintiff." (Given).

It is said in Peck v. Herrington, 109 Ill. 619, cited by appellant, " It may be regarded as a well settled rule that the owner of the upper field can not construct drains or ditches so as to create new channels for water in the lower fields, but he may make such drains for agricultural purposes, on his own land, as may be required by good husbandry, although by so doing the flow of water may be increased in a regular, well-defined channel, which carries the water from the upper to the lower field."

In this case the court say: " The natural flow of this water was not changed by the drainage."

The clause of the instruction complained of is : " Nor can defendant collect into one channel water naturally flowing in another channel upon the surface as surface water, and thus increase the water upon the premises of the plaintiff."

To speak of water flowing in a channel as " surface water," " upon the surface," is confusing and contradictory in terms. Water flowing in a channel is not flowing on the surface, as that phrase is understood. It may have been surface water, and surface water may be gathered into a natural channel, although thereby increasing the flow by that channel upon the servient estate, and no liability be thereby incurred. But when gathered into a natural channel, that leads from the dominant to the servient estate, it can not then be diverted into another natural channel so as to increase the flow by that channel upon the servient estate. The instruction is therefore ambiguous and faulty.

We do not think, however, that when considered with the rest of the instruction, the clause amounts to reversible error, especially in view of the clear and pointed language used in appellant's third instruction, which is as follows: " The charge in the declaration is that the defendant unlawfully cut ditches that carried water onto the land of Stewart that would not naturally flow upon it. If the defendant has not done this, the jury should find for the defendant."

The law is that while the flow of surface water from the dominant estate upon the servient estate may, in the inter-

ests of good husbandry, be increased by ditches and drains, its natural flow from the surface in one channel can not be diverted into another and different channel so as to increase the flow upon the servient estate.

In Union Drainage Dist. v. O'Reilly, 132 Ill. 634, it is said: "As the servient estate, the land of appellees was required to bear the servitude of having cast upon its surface to flow through the natural channels across it, the water that in a state of nature would flow over or upon it through such channels only."

To the same effect are: Peck v. Harrington, *supra;* Dayton v. Drain. Com'rs, 128 Ill. 276; C. & A. R. Co. v. Glenney, 28 Ill. App. 369; Graham v. Keene, 34 Ill. App. 89.

Considering all the instructions together, the jury was not misinformed as to the law, and their conclusion as to the facts should not be disturbed. Judgment affirmed.