(No. 4905-)

ROBERT CLYDE SHILLING, HARRY FLOYD SHILLING, and SOUTH SIDE TRUST AND SAVINGS BANK OF PEORIA, Trustees, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1963.*

SUTHERLAND AND SUTHERLAND, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

Dove, J.

On March 24, 1960, claimants filed their complaint seeking an award in the amount of $4,000.00 for damages sustained by reason of flooding, caused by the construction of S.B.I. Route No. 29.

The complaint alleges that, prior to May of 1958, surface waters flowed southwesterly along the northwesterly line of the Chicago, Rock Island and Pacific Railroad, and drained off into holes in the ground.

The complaint further alleges that the State constructed a four lane highway in 1958, and that by reason thereof the grade water fell upon 1,500 feet of the highway, ran off into a 6 x 6 cattle pass located under the railroad, and was then cast upon 1.63 acres belonging to claimants.

There is a dispute in the record as to whether the 6 x 6 underpass flooded upon the area prior to the construction of the highway. However, joint exhibits Nos. 1 and 2 indicate that the watershed drained generally to the east and into the Illinois River.

Exhibit No. 2 also discloses that to the west on the four lane highway a fairly large subdivision exists, which would likewise drain under the highway and railroad underpass in an easterly direction.

"While the flow of surface water from the dominant estate upon the servient estate may, in the interests of good husbandry, be increased by ditches and drains, in its natural flow from the surface in one channel, it cannot be diverted into another and different channel so as to increase the flow upon the servient estate." *Village of Crossville* vs. *Stuart*, 77 Ill. App. 513, 67 C. J., Sec. 873.

There is little doubt but what the run-off from the highway and the subdivision would increase the flow across the servient tenement owned by claimants. The difficulty is apportioning the amount of the flow, as it

would appear that the whole area involved consisted of about 250 acres.

The evidence discloses that the only damage was to the north 75 feet of the 1.63 acre tract, and that the value of the tract, if not flooded, would have been between $1,000.00 and $1,500.00. That by reason of the flooding of said tract the value would be not more than $200.00 per acre, and would probably be of no value.

An award is, therefore, made to claimants in the amount of $1,000.00.